PER CURIAM.
This appeal is from an order denying a motion of the appellant filed under Rule 3.850, CrPR, 33 F.S.A., for relief from a judgment of conviction.
On November 8, 1969, the appellant was convicted of murder in the first degree and sentenced to life imprisonment. Thereafter by a motion filed August 20, 1972, as amended November 6, 1972, the appellant sought relief from the judgment and sentence upon the claim and contention that the grand jury which had indicted him and the petit jury which had tried him had been unconstitutionally selected. Upon hearing, the trial court denied the motion summarily on the ground that the challenge to the jury panel was untimely. That ruling of the trial court was eminently correct. Rule 3.300 CrPR, which deals with a challenge to the panel by the state or by the defendant provides that “challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court.” See State v. Silva, Fla.1972, 259 So.2d 153, in which the Supreme Court said: “A challenge to the panel, or challenge to the array, is used to question the selection of drawing of prospective jurors. Such a challenge must be made and decided before any independent juror is examined, unless otherwise ordered by the Court. FRCrP Rule 3.300, 33 F.S.A. Such an objection comes too late after verdict and has no place in a motion for new trial or in arrest of judgment. By going to trial before a jury without *377 any objections, a defendant waives all irregularity in the drawing, summoning and impaneling of such jurors.”
Affirmed.